# GREENSBORO GAS CO. v. COMMISSIONER OF INTERNAL REVENUE.

## No. 5750.

Circuit Court of Appeals, Third Circuit.

Sept. 18, 1935.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Douglas M. Moffat, William D. Whitney, Joseph C. White, and George G. Tyler, all of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

Section 204 (c) (2) of the Revenue Act of 1926, 44 Stat. 16, provides: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph." 26 USCA § 935 [see 26 USCA § 114 note].

The taxpayer, the Greensboro Gas Company, which both produces and distributes natural gas to the public, contends that under that statute it is entitled to an allowance for depletion based upon the gross value of its natural gas as and when it is distributed to consumers and not based upon the gross value of the gas at the mouth of its wells. But both the Commissioner of Internal Revenue and the Board of Tax Appeals determined to the contrary, that the taxpayer should have an allowance for depletion based on the field price of the gas as it came from the wells.

We see no merit in the contention that the taxpayer should be granted an allowance under section 204 (c) (2) based on the gross value of the gas after it has passed from its wells through its system of gas mains, service pipes, and meters and has reached the consumer. The investment of the taxpayer, outside of its wells, in its distributing system represents $1,305,000, and this equipment is subject to the usual allowance for depreciation.

The express language of the statute that "in the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property" is perfectly clear. Its purpose is to return the original cost of a wasting gas or oil deposit to its owner. Obviously, the problem of calculating the annual depletion of an oil or gas well cannot be accurately solved; so Congress, after trying other methods, decided that this arbitrary allowance would be the most satisfactory.

If, as the taxpayer contends, the allowance was based on the value of its sales of gas to its consumers, the taxpayer would in effect enjoy an allowance for depletion on its distributing system which is already subject to an allowance for depreciation, and it would, since it both produces and distributes natural gas at retail, enjoy an unusual advantage over the mere producer of gas in the field.

Treasury Regulations 69, article 1602, provides that the allowance for depletion made by section 204 (c) (2) shall be based on the value of production of gas or oil at the mouth of the well.

Likewise, in Consumers Natural Gas Co. v. Commissioner, 78 F.(2d) 161, decided June 17, 1935 (C. C. A. 2), the

Court of Appeals decided the very same question here in issue on similar facts in favor of the government and against the contention urged here by the taxpayer. The comprehensive opinion in that case effectively disposes of all the arguments of the taxpayer in this case, and upon the reasoning of Judge Learned Hand the order of the Board of Tax Appeals is affirmed.